USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/23/12

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------- X

JUAN ACOSTA,

                Petitioner,

   - against -

UNITED STATES OF AMERICA

                Respondent.

------------------------------------------------------- X

                   **MEMORANDUM**
              **OPINION AND ORDER**

                **11 Civ. 8753 (SAS)**

                **09 CR 1126 (SAS)**

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

         Petitioner Juan Acosta, currently incarcerated at FCI Herlong, brings

this *pro se* motion to vacate, set aside, or correct sentence by a person in federal

custody pursuant to 28 U.S.C. § 2255 ("section 2255").  Petitioner challenges the

legality of his July 23, 2010 Judgment of Conviction.  On December 14, 2011,

Petitioner was directed to show cause why his section 2255 motion should not be

dismissed as time-barred.[1]  Petitioner responded by submitting an Affirmation for

Timeliness ("Affirmation"), which was received by this Court on December 28,

2011.  Because the circumstances described in petitioner's Affirmation do not

warrant the invocation of equitable tolling, petitioner's 2255 motion is time-barred

and must be dismissed.

---

[1]     *See* 12/14/11 Order to Show Cause (Docket Entry # 3 (civil) and # 40
(criminal)).

## I.     LEGAL STANDARD

The Antiterrorism and Effective Death Penalty Act of 1996[2]

("AEDPA") enacted a one-year statute of limitations which runs from the latest of:

> (1)     the date on which the judgment of conviction becomes final;
>
> (2)     the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3)     the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4)     the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.[3]

The doctrine of equitable tolling can, in very limited instances, toll the

limitations period, thereby extending the petitioner's time to file beyond one year.[4]

---

[2]     Pub. L. No. 104-132, 110 Stat. 1214.

[3]     *See* 28 U.S.C. § 2255(f).

[4]     *Green v. United States*, 260 F.3d 78, 82 (2d Cir. 2001) (holding that equitable tolling only applies in "rare and exceptional circumstances"). *Cf. Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010) (AEDPA's statutory limitations period subject to equitable tolling in habeas petitions filed under 28 U.S.C. § 2254).

AEDPA's one-year statute of limitations period may be equitably tolled where: 1) extraordinary circumstance(s) prevented the petitioner from filing a timely motion; and (2) the petitioner acted with reasonable diligence throughout the period in which he seeks to toll.[5]  The burden is on the petitioner to demonstrate the existence of such extraordinary circumstances.[6]  It is not enough simply to show extraordinary circumstances;  the petitioner seeking equitable tolling has the burden of demonstrating "a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of [the] filing."[7]

## II.    DISCUSSION

In his Affirmation, petitioner describes the "many obstacles" over which he had no control that prevented him from filing a timely motion.  For example, petitioner states that after his sentencing on July 23, 2010, he was placed on "MDC Holder" for approximately three months.  Thereafter, petitioner was transferred to FCI Englewood, where he stayed for five months.  Petitioner was

---

[5]     *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Doe v. Menefee*, 391 F.3d 147, 159 (2d Cir. 2003).

[6]     *See Ortiz v. Senkowski*, No. 01 Civ. 2402, 2001 WL 126178, at *2 (S.D.N.Y. Oct. 22, 2001).

[7]     *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000).

eventually transferred to FCI Herlong on May 17, 2011. Petitioner claims, however, that he did not receive his personal property, including his legal documents, until June 2011. In addition, FCI Herlong was on institutional lockdown from July 14, 2011 through July 31, 2011, during which time petitioner did not have access to the law library. After the lockdown, petitioner continued working on his section 2255 motion.

### A.    Petition for Certiorari

Petitioner states that he thought his Judgment of Conviction did not become final until the ninety-day period for filing a petition for *certiorari* with the Supreme Court expired. However, this period is only taken into account when a petitioner files a direct appeal of his conviction to the appropriate Court of Appeals. As explained by the Sixth Circuit:

> When a federal criminal defendant takes a direct appeal to the court of appeals, his judgment of conviction becomes final for § 2255 purposes upon the expiration of the 90-day period in which the defendant could have petitioned for certiorari to the Supreme Court, even when no certiorari petition has been filed. *Clay v. United States*, 537 U.S. 522, 532 (2003). By parity of reasoning, when a federal criminal defendant does not appeal to the court of appeals, the judgment becomes final upon the expiration of the period in which the defendant could have appealed to the court of appeals, even when no notice of appeal was filed.[8]

---

[8]    *Sanchez-Castellano v. United States*, 358 F.3d 424, 426-27 (6th Cir. 2004) (parallel citations omitted).

4

Thus, petitioner's conviction became final when the time for direct appeal expired.

### B.      Equitable Tolling

Petitioner's Judgment of Conviction was entered on July 28, 2010. Because Petitioner did not file an appeal, his conviction became final fourteen (14) days after the entry of his Judgment of Conviction,[9] on August 11, 2010. Thus, the one-year statute of limitations expired on August 11, 2011. Petitioner placed his section 2255 motion in the prison mailbox on November 25, 2011, well after the expiration of the one-year statute of limitations. None of the circumstances described in petitioner's Affirmation, either individually or collectively, warrant the application of equitable tolling.

The impediments asserted by petitioner – including prisoner transfers, lockdowns, and limited access to legal papers and law libraries – are common to many prisoners during their incarceration. Such impediments  do not constitute the type of "extraordinary circumstances" that would warrant equitable tolling of the statute of limitations.[10] Petitioner does not allege that he had no access to law

---

[9]      *See Moshier v. United States*, 402 F.3d 116, 118 (2d Cir. 2005) ("[A]n unappealed federal criminal judgment becomes final when the time for filing a direct appeal expires.").

[10]      *See Muller v. Grenier*, No. 03 Civ. 1833, 2004 WL 97687, at *3 (S.D.N.Y. Jan. 20, 2004) ("Transfers between prison facilities, solitary confinement, lockdowns, restricted access to the law library and an inability to secure court documents do not qualify as extraordinary circumstances.") (quotation

libraries during the limitations period, just limited access.[11]  Moreover, petitioner

has failed to show that he made any attempts to retrieve his legal documents before

June 2011.[12]  Thus, petitioner has failed to establish that "exceptional

circumstances" prevented him from filing a timely motion.  Nor has he shown that

he diligently pursued his rights during any portion of the relevant one-year period.

Accordingly, equitable tolling cannot save his untimely section 2255 motion.

## III.   CONCLUSION

For the foregoing reasons, petitioner's section 2255 motion is

dismissed as time-barred.  As petitioner has not made a substantial showing of the

---

marks and citation omitted), *aff'd*, 19 Fed. App'x 334 (2d Cir. 2005).  *See also Hizbullahankhamon v. Walker*, 105 F.Supp.2d 339, 344 (S.D.N.Y.2000) ("While solitary confinement does present an obstacle to filing a timely habeas petition, it does not qualify as an extraordinary circumstance."), *aff'd*, 255 F.3d 65 (2d Cir. 2001).

[11]     *See United States v. Delgado*, No. 96 CR 126, 2003 WL 21219850, at *2 (S.D.N.Y. May 22, 2003) ("A lack of access to legal resources is not, however, considered an extraordinary circumstance.").

[12]     *See Hizbullahankhamon*, 255 F.3d at 76 (declining to equitably toll AEDPA's one year statute of limitations where petitioner was denied access to legal materials during the beginning of the one-year period but failed to diligently pursue his rights thereafter) (citing *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (denying equitable tolling based on lack of diligence where petitioner had been denied access to legal materials for approximately six months but had regained access to legal materials six months prior to expiration of the limitations period)).

denial of a constitutional right, a certificate of appealability will not issue.[13]  This

Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order

would not be taken in good faith and therefore *in forma pauperis* status is denied

for purposes of appeal.[14]  The Clerk of the Court is directed to close case number

11 Civ. 8753 (SAS).


SO ORDERED:

Shira A. Scheindlin
U.S.D.J.


Dated:  New York, New York
        January 23, 2012

---

[13]    *See* 28 U.S.C. § 2253.

[14]    *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

7

## - Appearances -

**Petitioner (Pro Se):**

Juan Acosta
# 70768-054
FCI Herlong
P.O. Box 800
Herlong, CA 96113

**For Respondent:**

Marissa B. Molé
Assistant United States Attorney
One St. Andrew's Plaza
New York, NY 10007
(212) 637-2275

8